

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 AUG -1  P 3: 04

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Rachel Miller Yasser
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4922
MAIN: 410-209-4800
FAX: 410-962-0716
TTY/TDD: 410-962-4462

June 21, 2013

Catherine Flynn
Mead, Flynn & Gray, P.A.
One North Charles Street
Suite 2470
Baltimore, Maryland 21201

Re:  U.S. v. Franklin Roosevelt Coit, GLR 13-061

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 28, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

1.  The Defendant agrees to plead guilty to Count Five of the Indictment now pending against him, which charges him with Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

2.  The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Revised 11/5/09

1

      a.      The defendant knowingly;

      b.      In and affecting interstate or foreign commerce;

      c.      Recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, or benefitted financially and received anything of value from participation in a venture which has engaged in such acts;

      d.      Knowing, or in reckless disregard of the fact, or with a reasonable opportunity to observe, that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

## Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: a maximum term of life imprisonment and a mandatory minimum sentence of ten (10) years pursuant to 18 U.S.C. § 1591(b)(2), followed by a maximum term of supervised release for life and a mandatory minimum term of supervised release for five (5) years pursuant to 18 U.S.C. § 3583(k), and a $250,000 fine. The Defendant agrees that the mandatory minimum sentence is ten (10) years pursuant to 18 U.S.C. § 1591(b)(2), because the person recruited, enticed, harbored, transported, provided or obtained had attained the age of 14 years but had not attained the age of 18 years at the time of the offense. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court must also order restitution, if restitution is warranted, pursuant to 18 U.S.C. §§ 1593, 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.      The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

5.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.	By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.	The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised.

## Factual and Advisory Guidelines Stipulation

7.	This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.	Pursuant to U.S.S.G. § 2G1.3(a)(2), the base offense level is 30.

b.	Pursuant to U.S.S.G. § 2G1.3(b)(3), the base offense level is increased by 2 levels because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor. Subtotal = 32.

c.	Pursuant to U.S.S.G. § 2G1.3(b)(4), the base offense level is increased by 2 levels because the offense involved the commission of a sex act or sexual contact. Subtotal = 34.

d.	This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements

4

about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. **Total Offense Level = 31.**

8. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Obligations of the United States Attorney's Office

11. At the time of sentencing, this Office will recommend a reasonable sentence under 18 U.S.C. § 3553(a). At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction, and any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or in any other way.

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the defendant reserves the right to appeal any sentence of imprisonment above the guidelines range resulting from an offense level

of 31; and (ii) this Office reserves the right to appeal any sentence of imprisonment below the guidelines range resulting from an offense level of 31.

     c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

     d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

  13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

  14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any

sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Rachel M. Yasser
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7/10/13
_____                          _____
Date                                    Franklin Roosevelt Coit

I am Mr. Coit's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7/1/13
_____                          _____
Date                                    Catherine Flynn, Esq.

7

## ATTACHMENT A-STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The defendant, Franklin Roosevelt Coit, a/k/a "Frank," a/k/a "Nitty" ("COIT") was born in 1978, and was a resident of Baltimore City. COIT was a person prohibited from possessing a firearm because of a prior felony conviction.

Co-Defendant Jamar Marvin Simmons, a/k/a "Mar" ("SIMMONS") was born in 1982, was a resident of Baltimore City and a firefighter for the Baltimore City Fire Department.

From at least in or around July 2009 through in or about July 2012, SIMMONS and COIT conspired to operate, and did operate, a place of prostitution; first, at 2218 Madison Avenue in Baltimore City, Maryland and subsequently, at a warehouse located at 208 South Pulaski Street in Baltimore City, Maryland (hereinafter the "South Pulaski warehouse"). In furtherance of their sex trafficking business, SIMMONS and COIT also rented hotel rooms and another dwelling in Maryland to be used as places of prostitution, with COIT often acting upon the direction of SIMMONS.

It was part of the conspiracy that SIMMONS and COIT, at the direction of SIMMONS, falsely advertised positions online for exotic dancing and an escort service to recruit females from both inside and outside the state of Maryland to participate. In truth, SIMMONS was running a prostitution business, which COIT assisted in at SIMMONS' direction and, at times, in his absence. Many of the women recruited by SIMMONS and COIT were in financial distress, had no place to live, or were otherwise unusually vulnerable.

SIMMONS and COIT arranged for airplanes, trains, and other modes of transportation to carry females from various locations outside Maryland– including Delaware, Florida, New York, Pennsylvania, Texas, South Dakota, and Virginia– into Maryland, with the intent that the females engage in prostitution. They themselves also traveled from destinations within and outside of Maryland to facilitate their prostitution business, and used vehicles, public highways, hotels, private residences, telephones and the Internet to facilitate commercial sex acts.

SIMMONS and COIT took sexually explicit photographs of the females they recruited, used a computer to post the photographs on the "escort" section of www.backpage.com, an online advertising website, and listed telephone numbers on the website where the females could be reached to schedule a "date," or a commercial sex act. SIMMONS set the pricing for the commercial sex acts and instructed the females on how to set "dates" over the telephone for commercial sex acts and how to avoid detection by law enforcement.

Among the individuals SIMMONS recruited through advertising online was an underage female, N.H., just 16 years old, and her 19 year old friend, A.M. In reckless disregard of her age, and having had a reasonable opportunity to observe her, SIMMONS and COIT caused N.H. to engage in commercial sex acts. COIT took sexually explicit photographs of N.H., which

SIMMONS assisted in posting online in multiple advertisements for commercial sex. These advertisements were posted on SIMMONS account, and paid for by SIMMONS. "Customers" responded to these advertisements, and N.H. performed multiple commercial sex acts at the behest of SIMMONS and COIT in their warehouse. Both SIMMONS and COIT profited financially from the commercial sex acts she performed.

COIT collected the cash proceeds of the prostitution business, and provided them to SIMMONS. SIMMONS then paid COIT for his services. SIMMONS and COIT possessed and used a firearm and ammunition to protect the prostitution business and its cash proceeds.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

2/1/13
Date

Franklin Roosevelt Coit